COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Willis and Senior Judge Cole
Argued at Richmond, Virginia


GREGORY LELAND RAYMER, S/K/A
 GREGORY L. RAYMEUR
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0586-99-2        JUDGE JAMES W. BENTON, JR.
                                         APRIL 11, 2000
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                      William R. Shelton, Judge

             Linwood T. Wells, III, for appellant.

             Eugene Murphy, Assistant Attorney General
             (Mark L. Earley, Attorney General, on brief),
             for appellee.


     The trial judge convicted Gregory L. Raymeur of two counts of

fraudulently obtaining money upon a promise to perform

construction.  See Code § 18.2-200.1.  Raymeur contends the

evidence was insufficient to support the convictions.  We disagree

and affirm the convictions.

                                I.

     The evidence proved that on August 28, 1996, Raymeur

contracted with Charles Hall to replace the vinyl siding on Hall's

house.  Hall, who had hired Raymeur in the past to perform work,

gave Raymeur a check for $1,000 as "a down payment" on the

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

contract price of $1,600. The contract stipulated that Raymeur would begin the project September 23, 1996, and complete it in September. Both parties testified that meant September 1996. Raymeur never returned to replace the siding on the house.

Hall made telephone calls to Raymeur and went to Raymeur's residence. He received no responses. On December 3, 1997, Hall sent to Raymeur at the address listed on the contract, a letter by certified mail demanding his money. Raymeur did not respond.

The evidence also proved that in August 1996 Raymeur agreed to replace a piece of siding on Fran Mena's house. Mena gave him a check for $375, the agreed costs, to purchase new siding and for his labor. Raymeur nailed the existing piece of siding onto the house and never returned to install new siding. After Mena left messages on Raymeur's answering service, Raymeur returned her call and said that he had problems with his employees. He promised to complete the job. He never did. In February 1998, Mena sent a certified letter to Raymeur. The post office returned the unclaimed letter to Mena.

Raymeur cashed both checks. He testified that he purchased materials for both projects but had problems with his employees and his truck. He denied receiving the letters from Hall and Mena. Raymeur also testified that he has been incarcerated since July 10, 1997, for crimes arising out of similar construction agreements. Explaining this failure to complete the two projects in the year that lapsed before he was incarcerated, Raymeur said

-

he "was running behind on other jobs."  Raymeur further testified

that he was behind on several jobs because of his incarceration,

difficulties with his workers, and problems with his truck.  While

in jail, Raymeur obtained work release status to complete other

projects that he had failed to perform.

The trial judge convicted Raymeur on both counts.

## II.

Code § 18.2-200.1 provides as follows:

> If any person obtain from another an
> advance of money, merchandise or other
> thing, of value, with fraudulent intent,
> upon a promise to perform construction,
> removal, repair or improvement of any
> building or structure permanently annexed to
> real property, or any other improvements to
> such real property, including horticulture,
> nursery or forest products, and fail or
> refuse to perform such promise, and also
> fail to substantially make good such
> advance, he shall be deemed guilty of the
> larceny of such money, merchandise or other
> thing if he fails to return such advance
> within fifteen days of a request to do so
> sent by certified mail, return receipt
> requested, to his last known address or to
> the address listed in the contract.

As we ruled in Klink v. Commonwealth, 12 Va. App. 815, 407

S.E.2d 5 (1991), this statute consists of the following five

elements:

> (1) obtaining an advance of money from
> another person, (2) a fraudulent intent at
> the time the advance is obtained, (3) a
> promise to perform construction or
> improvement involving real property, (4) a
> failure to perform the promise, and (5) a
> failure to return the advance "within
> fifteen days of a request to do so by

-

certified mail" to the defendant's last
known address or his address listed in the
contract.

_Id._ at 818, 407 S.E.2d at 7.  Raymeur contends the Commonwealth
failed to prove he had fraudulent intent when he obtained the
advances and also failed to prove he did not return the money
advance within 15 days of a request to do so by certified mail.

In determining "whether fraudulent intent exists, the Court
must 'look to the conduct and representations of the
defendant.'"  _Rader v. Commonwealth_, 15 Va. App. 325, 329, 423
S.E.2d 207, 210 (1992) (citation omitted).  The evidence proved
that when Raymeur received money from Hall, he promised to begin
and complete the installation of siding during the next month.
He also received payment from Mena and promised to replace her
siding.  Although a substantial time had lapsed without any
work, Raymeur failed to respond to contact from both homeowners.
Indeed, Raymeur never returned to do any of the work he promised
to complete.  "The use of false statements to induce someone to
enter into a contract can be persuasive evidence of fraudulent
intent."  _Id._ at 330, 423 S.E.2d at 210.  Moreover, the trial
judge could infer intent to defraud from Raymeur's failure to do
anything in furtherance of his promise to perform after he
received payment.  See _Norman v. Commonwealth_, 2 Va. App. 518,
521, 346 S.E.2d 44, 46 (1986).  The trial judge also could
consider as evidence tending to prove intent to defraud
Raymeur's pattern of conduct regarding Hall and Mena, who were

-

neighbors, and others.  See Hubbard v. Commonwealth, 201 Va. 61, 67, 109 S.E.2d 100, 105 (1959).  These facts were sufficient to prove beyond a reasonable doubt Raymeur's fraudulent intent.

In addition, the evidence proved that Hall and Mena sent certified letters, with return receipts requested, to Raymeur. Both Mena and Hall used the address that appeared on Raymeur's contract with Hall.  No evidence tended to prove that the address was not Raymeur's last known address.  Accordingly, the trial judge had sufficient evidence to prove beyond a reasonable doubt that both Hall and Mena requested return of their payments "by certified mail, return receipt requested, [sent] to [Raymeur's] last known address or to the address listed in the contract."  Code § 18.2-200.1.

For these reasons, we affirm the convictions.

Affirmed.

-